### Satpal SINGH, aka Harmeet Singh, Petitioner,

v.

### Alberto R. GONZALES, Attorney General, Respondent.

### No. 04–72678.

United States Court of Appeals, Ninth Circuit.

Submitted July 11, 2005.*

Decided July 15, 2005.

Richard E. Oriakhi, Roman & Singh, LLP, Fremont, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, Jason S. Patil, Esq., Shahira M. Tadross, U.S. Department of Justice, Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

### MEMORANDUM **

Satpal Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's ("IJ") order denying his applica-

tion for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding, and will reverse only if the evidence that the petitioner presented was so compelling that no reasonable fact-finder could fail to find the requisite fear of persecution. *See Singh v. Ashcroft,* 301 F.3d 1109, 1112 (9th Cir.2002). We deny the petition for review.

The IJ's adverse credibility determination rests on, among other things, inconsistencies between Singh's testimony, his application, his lack of knowledge about his political leader, and the arrests and detentions he experienced. These inconsistencies go to the heart of Singh's claims of past persecution and fear of future persecution. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). The IJ also based his adverse credibility determination on Singh's documentary evidence regarding his membership with the Akali Dal Mann and his doctor's letter highlighting his injuries, which appeared to be prepared for someone other than Singh. *See Desta v. Ashcroft,* 365 F.3d 741, 746 (9th Cir.2004); *Pal v. INS,* 204 F.3d 935, 938 (9th Cir. 2000). We conclude that the IJ's adverse credibility determination is supported by substantial evidence and Singh has failed to show eligibility for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

As Singh relies on the same evidence, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to India,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Singh's CAT claim also must fail. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.